## AMOS BENSON v. EDWARD N. NASH.

January 24, 1899.

Nos. 11,462—(257).

**Fraudulent Conveyance—Bill of Sale—Verdict Sustained by Evidence.**

*Held*, the verdict finding that a sale of personal property was made with intent to hinder, delay and defraud the creditors of the vendor, and that the purchaser at the time knew of that intent, is sustained by the evidence.

**Failure to Investigate Title—Evidence of Bad Faith.**

For the purpose of showing want of good faith in the purchaser, *held*, it was competent to show that he purchased without searching the records or making any investigation as to the character of the title, and that there was of record at the time a chattel mortgage on the property, of which he claims he then had no knowledge.

Appeal by plaintiff from an order of the district court for Grant county, C. L. Brown, J., denying a motion for a new trial. Affirmed.

*Andrew O. Ofsthun,* for appellant.

*T. & M. Casey,* for respondent.

CANTY, J.

This is an action in replevin, brought against the sheriff of Grant county, to recover certain saloon furniture and fixtures, and a stock of liquors and cigars, which he had levied on as the property of one Olouse Thompson, under a writ of attachment issued against the property of Thompson in an action brought against him by George Benz & Sons. On the trial the jury returned a verdict for defendant, and, from an order denying a new trial, plaintiff appeals.

Appellant contends that the evidence does not sustain the verdict. For some time prior to November 2, 1897, Thompson ran a saloon at the village of Barrett, in that county; and on that day he made a bill of sale of the saloon furniture and fixtures and stock of goods to plaintiff, who took possession, and continued the business. On the trial, respondent sought to prove that Thompson made the transfer with intent to hinder, delay and defraud his

creditors, and that plaintiff at the time had knowledge of that intent.

The evidence tends to prove that plaintiff had no previous experience in the saloon business, knew nothing about the value of the goods which he was buying, and made no inquiry and sought no information as to their value, except such as he obtained from Thompson himself, and that no inventory of the goods was taken at the time of the sale. He made no examination to determine whether or not the property was incumbered, although there was at this time a chattel mortgage on the fixtures for $483.50, which mortgage was filed of record. Although he made no search for incumbrances, he took the precaution to file his bill of sale in the office where this chattel mortgage was of record. Plaintiff paid no cash for the property. He agreed to pay $1,200 therefor, for which he at the time executed his two promissory notes, for $600 each,—one due April 1, and the other October 1, 1898. He gave no security for the payment of these notes, although he had at the time very little property other than what was being transferred to him. Such other property consisted of 20 acres of land, worth $200 or $300, and three horses, worth $125. These are his own estimates of the value of his property. It was admitted on the trial that Thompson was insolvent at the time of the sale, but plaintiff testified that he did not then know that fact, or know that Thompson was then in debt.

We are of the opinion that the evidence disclosed several badges of fraud, and that the jury were warranted in finding a verdict for defendant.

We are of the opinion that the court did not err in receiving in evidence the chattel mortgage in question. The existence of this chattel mortgage, the fact that it was of record, and the failure of plaintiff to search the record for incumbrances, or learn that there was such an incumbrance on the fixtures, tended to throw light on the question whether the purchase was in good faith, or merely a pretense. A person who is purchasing for his own use and benefit is likely to be more vigilant and careful in investigating the character of the title or interest which he is acquiring than one who is making a sham purchase of property, which he intends to hold for

the use and benefit of the vendor. Whether plaintiff's failure to make a proper investigation resulted from his ignorance or inexperience while acting in good faith, or resulted from the fact that the purchase was merely a sham, was a question for the jury on all the evidence. This disposes of the case.

Order affirmed.